**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0661-17T4

JEFFREY B. LEWIS,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

Submitted February 5, 2019 – Decided February 26, 2019

Before Judges Geiger and Firko.

On appeal from the New Jersey State Parole Board.

Jeffrey B. Lewis, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Jeffrey B. Lewis appeals from a final Parole Board decision denying parole and establishing a sixty-month future eligibility term (FET). We affirm.

I.

Lewis is serving a life sentence with a thirty-year parole disqualifier for the first-degree murder of a twenty-three-year-old man, G.H.[1] According to Lewis, G.H. and T.R. were close friends. Lewis's then eight-year-old daughter told him that T.R. exposed himself to her, leading to lewdness charges being filed against T.R. After Lewis's daughter changed her story, the lewdness charges were dropped but Lewis's hostility towards T.R. persisted. While Lewis was driving in Asbury Park one night, G.H. drove past him in the opposite direction. After both men exited their vehicles, Lewis pointed a .38-caliber handgun at G.H., who was unarmed. G.H. pleaded with Lewis that he had the wrong guy. Lewis knew G.H. was "not the one" but shot him anyway in the right eye killing him. The Board noted Lewis had four adult convictions, including armed robbery, assault with a dangerous weapon, and six juvenile adjudications, including robbery and attempted robbery, resulting in three juvenile incarcerations.

---

[1] We use initials to protect the privacy of the victim.

A-0661-17T4

On August 23, 2017, the full Board denied parole, determining that defendant has "failed to take full responsibility for the murder . . . by continuing to claim that [he] acted in self-defense even though [he] initiated the confrontation." The Board further noted that defendant showed "a lack of satisfactory progress in reducing future criminal behavior." The following reasons were provided by the Board for denying Lewis's application for parole:

> Prior criminal record.
>
> Serious nature of the offense, first-degree murder.
>
> Nature of criminal record increasingly more serious.
>
> Prior opportunities on probation have failed to deter criminal behavior.
>
> Prior incarcerations did not deter criminal behavior.
>
> Insufficient problem resolution, specifically, lack of insight into criminal behavior and minimizing his conduct.
>
> Failure to take full responsibility for the murder despite treatment and program participation.

The Board approved the three-member panel's decision to establish a sixty-month FET, citing the same reasons for denial of parole.

On appeal, Lewis raises the following points for our consideration:

3                                                          A-0661-17T4

POINT I:

THE BOARD PANEL'S DECISION TO DENY PAROLE IS ARBITRARY, CAPRICIOUS AND UNREASONABLE WITH FAILURE TO SUPPORT BY A PREPONDERANCE OF CREDIBLE EVIDENCE IN THE RECORD THAT LEWIS WILL BE SUBSTANTIALLY LIKELY TO COMMIT ANOTHER CRIME IF RELEASED ON PAROLE.

POINT II:

THE THREE-MEMBER PANEL ABUSED ITS DISCRETION IN DECIDING TO EXTEND LEWIS'S FUTURE ELIGIBILITY TERM (FET) TO SIXTY (60) MONTHS.

POINT III:

THE TWO-MEMBER BOARD PANEL FOCUSED SOLELY ON ITS OWN VERSION OF THE FACTS OF THE CASE AND DID NOT REVIEW THE ENTIRE RELEVANT RECORD.

POINT IV:

THE TWO-MEMBER PANEL DID NOT ADDRESS THE REQUISITE ISSUE OF PRESUMPTIVE PAROLE AND LEWIS'S EXPECTATION OF PAROLE UNDER THE 2C CODE AND THE PAROLE ACT OF 1979.

POINT V:

THE TWO-MEMBER PANEL'S DECISION TO DENY LEWIS PAROLE AFTER THIRTY (30) YEARS OF CONDUCTING HIMSELF AS A MODEL

4

PRISONER DEFIES THE MATERIAL FACTS OF RECORD.

POINT VI:

THE TWO-MEMBER PANEL DISPLAYED A NOTICEABLE DISCRIMINATORY ATTITUDE OF BIGOTRY, ISLAMAPHOBIA AND RACISM TOWARDS LEWIS WHICH ENGENDERED A HOSTILE ENVIRONMENT.

POINT VII:

THE TWO-MEMBER PANEL COULD HAVE PAROLED LEWIS TO ITS HALFWAY BACK PROGRAM TO ASSIST HIM WITH RE-ENTRY SERVICES.

POINT VIII:

THE TWO-MEMBER PANEL FAILED TO APPLY THE ENTITLED "COMMUTATION CREDITS" TO EITHER THE MINIMUM (30) YEARS OR THE MAXIMUM (LIFE) PORTIONS OF LEWIS'S SENTENCE AS REQUIRED BY LAW.

In response to the Board's brief, Lewis replied that its decision was not supported by sufficient credible evidence in the record.

## II.

Given the date of Lewis's offense, he was to be released on parole unless "by a preponderance of the evidence . . . there is a substantial likelihood that the inmate will commit a crime under the law of this State if released on parole at

5

such time." N.J.S.A. 30:4-123.53(a), L. 1979, c. 441, § 9; N.J.A.C. 10A:71-3.10(a). The determination is "essentially factual in nature." Williams v. N.J. State Parole Bd., 336 N.J. Super. 1, 8 (App. Div. 2000). "Parole Board determinations are highly 'individualized discretionary appraisals . . . .'" Trantino v. N.J. State Parole Bd., 154 N.J. 19, 25 (1998) (quoting Beckworth v. N.J. Parole Bd., 62 N.J. 348, 359 (1973)).

In reviewing the Board's denial of parole, we apply the same standard of review that we apply to administrative agency decisions generally:

> (1) whether the agency's action violates express or implied legislative policies, i.e., did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Trantino, 154 N.J. at 24.]

With respect to the prediction that a defendant will reoffend, we must focus on the second test – that is, whether sufficient evidence in the record supports the decision. Ibid.

Applying those standards, we discern no basis to disturb the Board's decision. The panel and the Board considered, and weighed appropriately, all applicable factors. See N.J.A.C. 10A:71-3.11(a) to (b). While we cannot

6

disclose the contents of the confidential psychological evaluation, we note that it supports the Board's decision that Lewis is likely to commit another crime if released at this time. The Board recognized the positive aspects of Lewis's record, but it also noted numerous negative factors, including his refusal to accept guilt for his offenses, which continues to impede his rehabilitation. Additionally, the Board found that Lewis lacked an adequate parole plan. We will not second-guess the Board's conclusion that the negative factors outweighed the positive, justifying a denial of parole.

III.

We reject Lewis's argument that the Board's decision was arbitrary and capricious. The Board reviewed his entire record; his participation in various programs; infraction-free record; and minimum custody status maintained. But the Board concurred in the panel's reasons for parole denial, including its reliance on confidential materials. The Board found that Lewis erroneously represented that he had "only one prior adult conviction," and agreed with the panel that this supports the conclusion that he only has a "superficial understanding" of his criminal behavior.

Further, we reject Lewis's claim that the Board panel demonstrated bias by suggesting he belonged to a gang due to his membership in the Five Percent

7

Nation a/k/a Nation of Gods and Earths. Relying on N.J.A.C. 10A:71-3.11(b), the Board concluded that "information regarding gang affiliation is relevant to the determination of parole release[,]" and involvement in a gang may "identify a pattern of antisocial behavior" that might continue if released on parole. We agree, and see no merit to Lewis's claim on this issue.

IV.

We also shall not disturb the Board's decision affirming the panel's sixty-month FET. The FET was significantly longer than the presumptive FET of twenty-seven months under N.J.A.C. 10A:71-3.21(a)(1). However, the Board is authorized to extend the FET where an inmate has not made "satisfactory progress in reducing the likelihood of future criminal behavior." N.J.A.C. 10A:71-3.21(d). We are satisfied that the sixty-month FET was neither arbitrary, capricious, nor unreasonable, and was appropriately based upon the Board's determination that Lewis had a "lack of satisfactory progress in reducing the likelihood of future criminal behavior." See McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 565 (App. Div. 2002) (affirming thirty-year FET based on likelihood of recidivism). The Board's determination is supported by sufficient credible evidence and is entitled to deference.

A-0661-17T4

To the extent not addressed, Lewis's remaining arguments lack sufficient merit to warrant discussion in a written opinion.  <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0661-17T4